## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

KAMBIZ FARBAKHSH,

        Plaintiff,


v.                                                  **MEMORANDUM OF LAW & ORDER**
                                                    Civil File No. 07-1714 (MJD/SRN)


UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES (USCIS);
ALBERTO GONZALES, Attorney
General of the United States;
MICHAEL CHERTOFF, Secretary,
U.S. Department of Homeland Security;
EMILIO GONZALEZ, Director,
U.S. Citizenship and Immigration Services;
DENISE M. FRAZIER, Director,
U.S. Citizenship and Immigration Services,
Saint Paul District Office,

        Defendants.
_____

Phillip F. Fishman, Fishman, Binsfeld & Bachmeier, P.A., Counsel for Plaintiff.

Robyn A. Millenacker, Assistant United States Attorney, Counsel for Defendants.
_____

## I.    INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss or

Alternatively, to Remand.  [Docket No. 4]

## II.    FACTUAL BACKGROUND

Plaintiff Kambiz Farbakhsh is a citizen of Iran and a national of Canada.  He is currently residing in the State of Minnesota.  He became a Lawful Permanent Resident of the United States on January 12, 2000, and is seeking to become a naturalized citizen.

On or about April 24, 2005, Farbakhsh filed an application for Naturalization with U.S. Citizenship and Immigration Services ("USCIS").  On August 24, 2005, USCIS interviewed Farbakhsh after completion of the mandatory fingerprint check and Interagency Border Inspection System ("IBIS"), but prior to the mandatory national security background name check results performed by the FBI.

Farbakhsh has inquired about his status multiple times, but has been informed that no decision can be made until his FBI name check is completed.  On March 29, 2007, Farbakhsh filed a Petition for Hearing on Naturalization Application under 8 U.S.C. § 1447(b) with this Court.

The Government has filed a Motion to Dismiss or Alternatively to Remand. It requests that the Court dismiss Farbakhsh's case for lack of jurisdiction. Alternatively, the Governments asks the Court to remand the matter to USCIS with no specific time limit placed on USCIS and the FBI to complete Farbakhsh's background check and naturalization application.

2

Farbakhsh seeks an order of this Court granting his naturalization application and issue him the naturalization oath, or in the alternative, order the USCIS to expedite approval of his application and issue the citizenship oath to him within 60 days.  Farbakhsh also seeks reasonable costs and attorney's fees pursuant to the Equal Access to Justice Act and any further relief the Court deems reasonable.

## III.   DISCUSSION

### A.    Naturalization Procedure

An individual who wishes to become a U.S. citizen can petition to become a naturalized citizen.  The Attorney General has "[t]he sole authority to naturalize persons as citizens of the United States."  8 U.S.C. § 1421(a).

The first step in the naturalization process is the applicant's initial application to USCIS through the filing of a Form N-400, Application for Naturalization.  8 U.S.C. § 1445(a); 8 C.F.R. §§ 334.2, 316.4.  USCIS then conducts a background investigation of the applicant.  8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.  At a minimum, the background investigation includes a review of "all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application."  8 C.F.R. § 335.1.  USCIS relies on four background check

mechanisms: its own Department of Homeland Security records, the Interagency Border Inspection System ("IBIS") name check, the FBI fingerprint check, and the FBI name check.

IBIS contains records from more than twenty federal law enforcement and intelligence agencies.  FBI fingerprint checks provide information on criminal history, such as arrests and convictions.

FBI name checks search multiple FBI databases to determine whether the FBI has encountered the applicant in any investigation.  Seventy percent of the time, no match is found and the result is available within two to three days. Approximately twenty percent of the requests are then resolved within two months.  For the remaining ten percent, the FBI records must be retrieved and reviewed.  When a match has been identified, it must be resolved before USCIS can make a favorable decision on the application.

USCIS policy requires that fingerprint clearance and security and background checks be completed before granting a naturalization application in order to confirm that the applicant has not been convicted of any disqualifying crimes and that there are no security issues.  Essa v. U.S. Citizenship & Immigration Servs., No. CIV051449 (DSD/JJG), 2005 WL 3440827, at *2 (D. Minn. Dec. 14, 2005) (unpublished) ("Since 1997, Congress has required that a complete FBI criminal background investigation be conducted on each applicant

4

for citizenship.") (citation omitted).

After all background checks are concluded, the applicant is interviewed by an examiner who is authorized to grant or deny the application.  8 U.S.C. § 1446(d); 8 C.F.R. § 335.3.  Occasionally, as it did in Farbakhsh's case, USCIS will conduct the examination before completion of the background checks, in order to expedite the application process; however, after May 28, 2002, no naturalization ceremony has been permitted until the applicant's IBIS background check is complete.

If the naturalization application is granted, the applicant moves to the final stage: the citizenship oath ceremony.  If the application is denied, the applicant may request an administrative hearing before a senior immigration examiner.  8 U.S.C. § 1447(a); 8 C.F.R. § 336.2.  That hearing must be conducted no later than 180 days from the date the appeal is filed.  8 C.F.R. § 336.2(a).  If the examiner upholds the denial, the applicant may seek a de novo review in federal district court.  8 U.S.C. § 1421(c).

**B.    Propriety of Remand to USCIS**

Generally, a naturalization applicant must exhaust administrative remedies before seeking judicial review.  However, if USCIS fails to render a decision within 120 days after the date on which the examination is conducted under § 1446, the applicant may seek immediate judicial review.  8 U.S.C. § 1447(b).  The district

court "may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter."  Id.

USCIS lacks authority to act on Farbakhsh's naturalization application because his mandatory background check remains pending.  Similarly, this Court cannot decide Farbakhsh's naturalization application until his background check is complete.  Essa, 2005 WL 3440827, at *2  ("The court, however, finds itself unable to adjudicate either application for the very reason CIS has been precluded from making a final decision-the FBI background check has not been completed.").  As the Essa court noted, USCIS placed itself in this "procedural predicament" by failing to complete the background checks before notifying Farbakhsh to appear for his initial examinations.  Id.

Remand is the appropriate action in this case.  Remand will permit USCIS to make a final determination on Farbakhsh's naturalization application after all background checks have been completed.  See I.N.S. v. Aguirre-Aguirre, 526 U.S. 415, 425 (1999) (noting that "judicial deference to the Executive Branch is especially appropriate in the immigration context").

### C.    Appropriate Instructions to USCIS

Defendants request that the Court impose no time limit on USCIS's actions. Farbakhsh, on the other hand, asks that the Court order USCIS to resolve his application within sixty days.

USCIS has an important duty to thoroughly investigate all naturalization applicants.  The Court acknowledges that USCIS's burden has significantly increased and that USCIS cannot give an applicant's background check priority over those requested by other agencies.  <u>See</u> <u>Khan v. Frazier</u>, Civil No. 06-1560 (MJD/RLE), 2007 WL 270413, at *4 (D. Minn. Jan. 29, 2007) (unpublished) (discussing USCIS's increased workload).

However, USCIS still has "a non-discretionary duty to process the application within a reasonable time." <u>Alkenani v. Barrows</u>, 356 F. Supp. 2d 652, 656 (N.D. Tex. 2005) (citations omitted).  At some point, USCIS's delay becomes unreasonable.  The Court is sympathetic to the large number of background checks facing the FBI and USCIS, but Farbakhsh has been awaiting results for approximately two years.

Due to the extensive delay in Farbakhsh's case, an instruction to USCIS including a time limit for adjudication is appropriate.  Given the heavy workload facing the FBI and USCIS, Court concludes that an appropriate time limit is expressed in months, rather than in days.  The Court concludes that a six-month time limit is appropriate.

According, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

1.      Defendants' Motion to Dismiss or Alternatively, to Remand [Docket No. 4] is **GRANTED IN PART** and **DENIED IN PART** as follows:

> Pursuant to 8 U.S.C. § 1447(b), Kambiz Farbakhsh's request for adjudication of his Application for Naturalization is **REMANDED** to the United States Citizenship and Immigration Services with instructions that USCIS issue a determination on Farbakhsh's naturalization application within six months of the date of this Order.

2.      Defendants are ordered to show cause to this Court for any failure to comply with the substance of the Court's Order and to do so within 30 days of the expiration of the six-month deadline set forth herein.

3.      Farbakhsh's Petition for Hearing on Naturalization Application [Docket No. 1] is stayed during the pendency of USCIS's compliance with the substance of the Court's Order.

Dated: October 1, 2007                          s / Michael J. Davis
                                                Judge Michael J. Davis
                                                United States District Court